IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Harold A. Steele, Jr., | ) | |
| | ) | Civil Action No. 9:12-2689-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Harold A. Steele, Jr. ("Steele") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 13).[2] The Report recommends affirming the decision of the Commissioner to deny benefits. The court adopts the Report and affirms the denial of disability insurance benefits.

**I. Background**

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Steele filed an application for disability insurance benefits on September 1, 2009, alleging a disability onset date of March 19, 2008. His application was denied initially and on reconsideration. Steele requested review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on February 9, 2011.

On March 22, 2011, the ALJ denied Steele's claim finding him not disabled under the SSA. The ALJ found that Steele suffered from the severe impairments of back pain, shoulder pain, neck pain, dysthymia, panic disorder, and post-traumatic stress disorder ("PTSD"). However, the ALJ found that Steele's impairments did not meet or were medically equal to the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Steele's residual functional capacity ("RFC"). The ALJ found that Steele could perform a reduced range of light work and could not perform his past relevant work. The ALJ, however, determined that Steele could perform other jobs in existence in the national economy in significant numbers, and therefore, denied his disability claim.

Steele sought review of the ALJ's decision by the Appeals Council, and submitted additional evidence. On August 13, 2013, after considering the additional information, the Appeals Council declined to review the ALJ's decision. Steele then filed this action for judicial review on September 18, 2012. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Steele filed objections to the Report on October 31, 2013 (ECF No. 14), and the Commissioner filed a response to those objections on November 18, 2013 (ECF No. 16). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

In his objections, Steele contends that the magistrate judge erred by finding: 1) the ALJ properly considered the opinion of Steele's orthopedic surgeon, Dr. James K. Aymond; and 2) the ALJ properly evaluated Steele's complaints of pain.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th

Cir.1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002).

Steele's objections to the Report are duplicative of the issues that were presented to and addressed in depth by the magistrate judge in his report. (ECF No. 7 at 10-13, 13-15; Report 4-11, 11-13). Having reviewed the record in light of these objections, and under the appropriate standards, the court concurs with both the reasoning and the result reached by the magistrate judge in his Report.  The ALJ's decision is supported by substantial evidence.

After a thorough review of the record, the court finds the Report is proper and, therefore, adopts the Report.  Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                              s/Timothy M. Cain
                                                              United States District Judge

December 19, 2013
Anderson, South Carolina